**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NABORS DRILLING TECHNOLOGIES USA, INC. | ) | |
| Plaintiff, | ) | C.A. No. 4:22-cv-02140 |
| v. | ) | **JURY TRIAL DEMANDED** |
| C&M OILFIELD RENTALS, LLC D/B/A C-MOR ENERGY SERVICES, | ) | |
| Defendant. | ) | |

**DEFENDANT C&M OILFIELD RENTALS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant C&M Oilfield Rentals, LLC ("C&M") through undersigned counsel hereby submits its Answer to the First Amended Complaint for Declaratory Judgment filed by Plaintiff Nabors Drilling Technologies USA, Inc. ("Nabors" or "Plaintiff").

## NATURE OF THE ACTION[1]

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

**Answer:** C&M admits this action purports as its basis the Declaratory Judgment Act and U.S. patent law.

2. This action also arises under 28 U.S.C. § 1332(a)(1), for breach of contract between diverse parties, relating to the June 17, 2019, Master Service Agreement ("MSA") and Nabors Purchase Orders issued to C&M.

[1] Section headings and paragraph numbering from the First Amended Complaint are repeated herein for convenience, and do not constitute an admission of any allegations, which are denied unless specifically addressed and admitted by C&M.

**Answer:** C&M admits this action purports as its basis breach of contract between diverse parties.

**PARTIES**

2. Plaintiff / Counterclaim Defendant Nabors is a Delaware corporation having a principal place of business at 515 W. Greens Road, Houston, Texas 77067.

**Answer:** C&M is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

3. Defendant / Counterclaim Plaintiff C&M is a Wyoming limited liability company with its principal place of business located at 3429 Cottonwood Avenue, Cody, Wyoming 82414. C&M has appeared in this matter

**Answer:** Admitted.

**JURISDICTION AND VENUE**

4. This is a civil action regarding allegations of patent infringement, patent invalidity, and patent unenforceability arising under the patent laws of the United States, Title 35 of the United States Code, in which Nabors seeks declaratory relief under the Declaratory Judgment Act. This action also includes allegations of breach of contract. The contract at issue provides that "jurisdiction will lie exclusively with the state and federal courts in Houston, Harris County, Texas." The contract was entered into between diverse parties. Thus, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202.

**Answer:** C&M admits this is a civil action where Nabors seeks declaratory relief relating in part to Nabors' infringement of C&M's U.S. Patent No. 11,300,260 ("the '260 Patent"). C&M also admits that this action includes allegations of breach of contract. The allegations of this paragraph relating to subject matter jurisdiction contain legal conclusions to which no response is required. To the extent a further response is required, the allegations of this paragraph are denied.

5. An actual controversy exists between Nabors and C&M concerning Nabors' Illumic™ Lighting System installed on some of its drilling rigs.

**Answer:** Admitted.

6. Nabors contends that it has the right to make, use, have made, sell, offer for sale and import lighting systems for its fleet of drilling rigs by virtue of an assignment and irrevocable license from C&M pursuant to § 14 of the MSA and/or § 14 of its Purchase Orders.

**Answer:** C&M admits Nabors contends that it has rights. The remaining allegations of this paragraph are denied.

7. This Court has personal jurisdiction over C&M in that C&M conducts business, including selling and leasing products, throughout the United States including within the State of Texas and within this judicial district. As a result, C&M purposefully avails itself of the privilege of doing business in the Southern District of Texas. Moreover, by doing business in the Southern District of Texas, C&M avails itself of the protections of the Southern District of Texas, and in turn, consents to jurisdiction in the Southern District of Texas.

**Answer:** C&M states it does not contest personal jurisdiction for purposes of this lawsuit only. To the extent a further response is required, the allegations of this paragraph are denied.

8. Further, this Court has personal jurisdiction over C&M arising from C&M's own purposeful and tortious conduct directed in Texas, including sending demand letters accusing Nabors of infringing C&M's patents. Nabors received a demand letter from C&M on or about June 20, 2022, accusing Nabors of infringing "one or more of C-MOR™'s patents, including U.S. Patent No. 11,300,260," and violating C&M's "'Non-Compete' terms included in the drop tickets, delivery tickets, and other rig up paperwork."

**Answer:** The allegations of this paragraph relating to personal jurisdiction contain legal conclusions to which no response is required. C&M states it does not contest personal jurisdiction for purposes of this lawsuit only. C&M admits sending a letter giving Nabors notice of infringing C&M's patents and of violating certain non-compete terms. The remaining allegations of this paragraph are denied.

9. Venue is proper in this district, *inter alia,* pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Moreover, C&M consented to venue in § 22 of the MSA and § 11 of Nabors' Purchase Orders between the parties with respect to any alleged breach of contract claims.

**Answer:** The allegations of this paragraph relating to venue contain legal conclusions to which no response is required. For purposes of this lawsuit only, C&M admits that venue is proper; C&M otherwise denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents or applicability of the MSA or the Nabors' Purchase Orders.

## STATEMENT OF FACTS

11. As part of its business, Nabors is involved in oil and gas well drilling services with a fleet of next generation drilling rigs.

**Answer:** C&M admits Nabors is involved in oil and gas well drilling services.

12. C&M manufactures rig-mounted lighting systems which illuminate nighttime operations on drilling rigs.

**Answer:** Admitted

13. On June 17, 2019, Nabors and C&M ("Contractor") entered into a Master Service Agreement ("MSA"). The relationship between Nabors and C&M is governed by this agreement.

**Answer:** C&M admits that Nabors and C&M entered into a Master Service Agreement. C&M denies that the relationship between Nabors and C&M is governed entirely by this agreement.

14. The MSA provides, in relevant part:

[see First Amended Complaint paragraph 14 for image].

**Answer:** C&M admits that the screenshots Nabors includes appear to be from the MSA. The contents of the MSA speak for itself. C&M denies that these are the only relevant parts of the MSA.

15. The MSA also provides that "at any time Contractor [C&M] is performing Work for Nabors, this Agreement may not be terminated except as provided in Article 7 below." The "Termination" provision in Article 7 provides that "Nabors may, at any time, in its sole discretion, terminate Work in whole or in part, under any Contract" and further:

[see First Amended Complaint paragraph 15 for image].

**Answer:** The allegations in Paragraph 15 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

16. The MSA also contains a provision providing Nabors with rights to any pre-existing intellectual property owned by C&M as well as to any intellectual property created or developed by C&M during the course of parties' relationship:

[see First Amended Complaint paragraph 16 for image].

**Answer:** The allegations in Paragraph 16 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

17. The MSA was agreed to and executed by C&M's Vice President, Jessica Ivanoff, on behalf of C&M:

[see First Amended Complaint paragraph 17 for image].

**Answer:** The allegations in Paragraph 17 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M admits that Jessica Ivanoff signed the MSA. C&M otherwise denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

18. In accordance with the terms of the MSA, Nabors issued Purchase Orders to C&M to procure C&M's rig-mounted lighting system for use on Nabors' drilling rigs. Nabors' Purchase Orders contain language consistent with the MSA, and provide:

[see First Amended Complaint paragraph 18 for image].

**Answer:** The allegations in Paragraph 18 of the First Amended Complaint purport to characterize the contents of the Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA, Purchase Orders, and/or the related agreements between Nabors and C&M.

19. Like the MSA, Nabors' Purchase Orders also provide that any intellectual property developed by C&M in connection with the Purchase Order, shall be promptly disclosed to Nabors and shall be owned by Nabors. Additionally, like the MSA, Nabors' Purchase Orders further provide that C&M's grants Nabors a "worldwide, royalty free, irrevocable license …to

make, use, sell, reproduce, distribute, perform, display, and create derivative works of any and all such pre-existing IP.

**Answer:** C&M denies that Nabors has any right to C&M's intellectual property at issue in this case. The allegations in Paragraph 19 of the First Amended Complaint purport to characterize the contents of the Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA, Purchase Orders, and/or the related agreements between Nabors and C&M.

20. Pursuant to the parties' contract, Nabors rented C&M's lighting systems for some of its drilling rigs.

**Answer:** C&M admits that Nabors has rented C&M's lighting systems. To the extent a further response is required, the allegations of this paragraph are denied.

21. On January 25, 2021, C&M filed a patent application (U.S. Application No. 17/157,590) that would issue by the U.S. Patent and Trademark Office ("PTO") on April 12, 2022, as U.S. Patent No. 11,300,260 (the "'260 Patent"). According to the face of the '260 Patent, the '260 Patent relates to earlier C&M patent applications and patents ("Intellectual Property") filed prior to the parties June 17, 2019, MSA, including, but not limited to, U.S. Provisional Application No. 62/643,663 (filed March 15, 2018), U.S. Application No. 16/009,032 (filed June 14, 2018), issued as U.S. Patent No. 10,711,961, and U.S. Application No. 16/138,723 (filed September 21, 2018), issued as U.S. Patent No. 10,473,282.

**Answer:** Admitted.

22. According to C&M's Counterclaims, C&M's Crown Jewel lighting system is an embodiment of one or more claims of the '260 Patent.

**Answer:** Admitted.

23. In 2022, pursuant to the "irrevocable license" granted to Nabors by C&M to all aspects of its lighting system developed before the parties' June 17, 2019 MSA, and C&M's assignment of all rights for aspects of the lighting system developed subsequent to the MSA, Nabors developed its own lighting system that it markets as the Illumic™ Lighting System.

**Answer:** Denied.

24. In mid-2022, consistent with C&M's "assignments" and "irrevocable license" to C&M's "Intellectual Property," Nabors began installing its Illumic™ Lighting System on its drilling rigs.

**Answer:** C&M admits that Nabors began installing lighting systems that did not belong to C&M on Nabors' drilling rigs in 2022. C&M denies the remaining allegations in this paragraph.

25. On June 20, 2022, despite C&M's granting of express assignments and irrevocable licenses of C&M's "intellectual property" to Nabors, C&M's President and CEO, Mr. Joshua C. Allison, sent Nabors a demand letter accusing Nabors' drilling rig lighting system of infringing "one or more of [C&M's] patents, including U.S. Patent No. 11,300,260."

**Answer:** C&M admits it sent Nabors a letter regarding Nabors' infringement of U.S. Patent No. 11,300,260. C&M denies the remaining allegations in this paragraph.

26. Despite the unequivocal language in the MSA that "[i]t is expressly understood and agreed that no provision of any delivery ticket, invoice, confirmation of purchase order, or other instrument used or provided by Contractor shall supersede the provisions of this Agreement or any Contract," Mr. Allison further contended that Nabors' use of its Illumic™ Lighting System violated C&M's "non-compete" terms included in various C&M drop tickets, delivery tickets, and other rig up paperwork."

**Answer:** The allegations in Paragraph 26 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M admits that it informed Nabors that Nabors' use of its lighting system violated C&M's "non-compete" terms included in C&M drop tickets, delivery tickets, and other rig up paperwork. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

27. Nabors filed this action on June 29, 2022, seeking a declaratory judgment of (1) non-infringement of the '260 Patent; (2) invalidity of the '260 Patent, and (3) that the non-compete language in C&M's delivery tickets is invalid, unenforceable, void and of no legal consequence.

**Answer:** C&M admits Nabors filed this action seeking a declaratory judgment. C&M denies that Nabors is entitled to the declarations that it seeks and denies the remaining allegations in this paragraph.

28. On September 6, 2022, C&M filed an Answer and Counterclaim asserting claims against Nabors for (1) Infringement of the '260 Patent, (2) Breach of Contract, (3) Promissory Estoppel, (4) Unjust Enrichment, and (5) Fraud.

**Answer:** C&M admits it filed an Answer and Counterclaims in the above-captioned action on September 6, 2022. C&M admits that its Answer and Counterclaims as filed in the above-captioned action on September 6, 2022, includes counts for (1) Infringement of the ’260 Patent; (2) Breach of Contract; (3) Promissory Estoppel; (4) Unjust Enrichment; and (5) Fraud.

29. C&M’s counterclaim assertion that C&M “owns all substantial rights, interest, and title in and to the ‘260 Patent, including the sole and exclusive right to seek and obtain all remedies under the Asserted Patent” is contrary to the express provisions of the MSA and Purchase Orders.

**Answer:** Denied.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Non-infringement of U.S. Patent No. 11,300,260**

30. Nabors re-alleges and incorporates by reference every allegation contained in paragraphs 1 through 29 above as though fully stated herein.

**Answer:** To the extent this paragraph incorporates allegations from prior paragraphs, C&M also incorporates by reference herein its answers to those paragraphs.

31. There is an actual controversy between Nabors and C&M, as to whether Nabors’ Illumic™ Lighting System infringes any valid and enforceable claim of U.S. Patent No. 11,300,260 (the “’260 Patent”).

**Answer:** To the extent this paragraph suggests that the claims of U.S. Patent No. 11,300,260 are invalid or unenforceable, the allegations of this paragraph are denied; otherwise, the allegations are admitted.

32. Nabors has not infringed and does not infringe any valid and enforceable claim of the ‘260 Patent.

**Answer:** Denied.

33. On June 17, 2019, C&M granted Nabors a “worldwide, royalty free, irrevocable license, with the right to grant sublicenses to its customers, to make, use, sell, reproduce, distribute, perform, display and create derivative works of any existing IP [Intellectual Property]” and further agreed that “in the course of performing Work,” any “Intellectual Property” that is “created or invented” on or after June 17, 2019, through the term of the parties’ MSA, is “hereby assign[ed] and agrees to assign all right, title and interest in and to all such IP to Nabors.” Pursuant to the MSA and Purchase Orders, Nabors cannot infringe C&M’s ‘260 Patent because it owns or

otherwise has an irrevocable license to the ‘260 Patent, patents and patent applications related to the ‘260 Patent, and all other intellectual property defined under its contracts with C&M.

**Answer:** The allegations in Paragraph 33 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. The allegations in this paragraph are otherwise denied.

34. Accordingly, Nabors seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the ‘260 Patent.

**Answer:** C&M admits Nabors seeks a declaratory judgment. C&M denies that Nabors is entitled to the relief it seeks in this lawsuit. The remaining allegations of this paragraph are denied.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment of Invalidity of U.S. Patent No. 11,300,260**

35. Nabors re-alleges and incorporates by reference every allegation contained in paragraphs 1 through 34 above as though fully stated herein.

**Answer:** To the extent this paragraph incorporates allegations from prior paragraphs, C&M also incorporates by reference herein its answers to those paragraphs.

36. There is an actual controversy between Nabors and C&M, as to the invalidity of the ’260 Patent.

**Answer:** C&M admits that there is an actual controversy between Nabors and C&M. To the extent this paragraph suggests that the claims of U.S. Patent No. 11,300,260 are invalid, the allegations of this paragraph are denied.

37. The ‘260 Patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the United States Code or the rules, regulations and laws related thereto, including without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Answer:** Denied.

38. Accordingly, Nabors seeks a judgment declaring that the claims of the ‘260 Patent are invalid, unenforceable, void, and of no legal consequence.

**<u>Answer</u>:** C&M admits Nabors seeks a declaratory judgment. C&M denies that Nabors is entitled to the relief it seeks in this lawsuit. The remaining allegations of this paragraph are denied.

**THIRD CAUSE OF ACTION**
**Declaratory Judgment Regarding Alleged Non-compete Agreement**

39. Nabors re-alleges and incorporates by reference every allegation contained in paragraphs 1 through 38 above as though fully stated herein.

**<u>Answer</u>:** To the extent this paragraph incorporates allegations from prior paragraphs, C&M also incorporates by reference herein its answers to those paragraphs.

40. There is an actual controversy between Nabors and C&M regarding the alleged "'non-compete' terms included in [C&M's] drop tickets, delivery tickets, and other rig up paperwork."

**<u>Answer</u>:** C&M admits there is an actual controversy between Nabors and C&M. To the extent this paragraph suggests that the "'Non-Compete' terms, included in [C&M's] drop tickets, delivery tickets, and other rig up paperwork," are not binding, the allegations of this paragraph are denied.

41. On or about June 17, 2019, Nabors and C&M entered into a Master Service Agreement ("MSA"). The MSA states §1(b) that:

> **It is expressly understood and agreed that *no* provision of any delivery ticket, invoice, confirmation of purchase order, or other instrument used or provided by Contractor shall supersede the provisions of this Agreement or any Contract**.

**<u>Answer</u>:** The allegations in Paragraph 41 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

42. § 7 of the MSA deals with Nabors' right to terminate the contract and any legal remedies thereof (emphasis added):

> <u>Nabors may,</u> <u>at any time,</u> <u>in its *sole* discretion, terminate Work, in whole or in part,</u> <u>under any Contract</u>. In the event of such termination, <u>Contractor shall be</u>

> paid at the applicable rates contained in the Work Order for the Work satisfactorily performed up to the date of such termination.
>
> * * *
>
> **This paragraph states Nabors' *entire* liability, and Contractor's *sole* remedy, for Nabors' termination of any or all Contracts.** On written notice of such termination, Contractor shall promptly remove its personnel, machinery, and equipment from the location and shall further cooperate with Nabors or its designee to ensure an orderly and expeditious transition and completion of the work.

**Answer:** The allegations in Paragraph 42 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

43. Nabors' Purchase Orders with C&M contain language similar to § 1(b) of the MSA quoted above. This additional language is important:

> **Buyer objects to, rejects, and shall not be bound by any past or future terms and conditions not set forth herein, including any additional or inconsistent terms shown on Seller's sales confirmation, shipping documents, invoices, documents, or other communication and any additions or inconsistencies therein with the provisions hereof shall be null and void.**

**Answer:** The allegations in Paragraph 43 of the First Amended Complaint purport to characterize the contents of the MSA and Nabors' Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M, including but not limited to Nabors' Purchase Orders.

44. C&M's claims for breach of a "non-compete" agreement contained in the alleged "drop tickets, delivery tickets, and other rig up paperwork," violate express terms of the MSA and Nabors' Purchase Orders prohibiting such. Nabors did not agree to any additional terms, conditions, or provisions.

**Answer:** Denied.

45. C&M's claims for breach of a "non-compete" agreement fail for lack of consideration in whole or in part for the alleged "drop tickets, delivery tickets, and other rig up paperwork."

**Answer:** Denied.

46. C&M's claims for breach of a "non-compete" agreement fail because any person or persons who signed any alleged "drop tickets, delivery tickets, and other rig up paperwork," did not have actual or apparent authority to bind Nabors to any such agreement.

**Answer:** Denied.

47. Accordingly, Nabors seeks a judgment declaring that the non-compete language of the alleged "drop tickets, delivery tickets, and other rig up paperwork," is invalid, unenforceable, void, and of no legal consequence.

**Answer:** C&M admits Nabors seeks a declaratory judgment. C&M denies that Nabors is entitled to the relief it seeks in this lawsuit. The remaining allegations of this paragraph are denied.

**FOURTH CAUSE OF ACTION**
**Declaratory Judgment Regarding Intellectual Property Rights**

48. Nabors re-alleges and incorporates by reference every allegation contained in paragraphs 1 through 47 above as though fully stated herein.

**Answer:** To the extent this paragraph incorporates allegations from prior paragraphs, C&M also incorporates by reference herein its answers to those paragraphs.

49. § 14 of the MSA expressly provides:

> If in the course of performing Work, **Intellectual Property** is created or invented by or on behalf of Contractor [C&M], such IP shall be promptly disclosed and shall be owned by Nabors (or its designee). To effect the parties' intent in this regard, Contractor [C&M] hereby assigns and agrees to assign all right, title, and interest in and to all such **IP** to Nabors for no additional consideration or compensation. To the extent Nabors or its customers need a license to use or otherwise fully enjoy any pre-existing Intellectual Property (that is, IP that exists prior to any Contract) embodied in or by any Work performed or provided by Contractor, Contractor hereby grants Nabors a worldwide, royalty free, irrevocable license, with the right to grant sublicenses to its customers, to make, use, sell, reproduce, distribute, perform, display and create derivative works of any and all such pre-existing IP.

**Answer:** The allegations in Paragraph 49 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

50. C&M expressly granted Nabors a "worldwide, royalty free, irrevocable license" to fully use and enjoy all aspects "of any and all such pre-existing IP," relating to C&M's rig lighting system provided to Nabors. This would include any intellectual property disclosed and/or contained within C&M's patents and patent applications filed on or before the execution of the June 17, 2019 MSA, including but not limited to, U.S. Provisional Application No. 62/643,663 (filed March 15, 2018), U.S. Application No. 16/009,032 (filed June 14, 2018), issued as U.S. Patent No. 10,711,961, and U.S. Application No. 16/138,723 (filed September 21, 2018), issued as U.S. Patent No. 10,473,282,38 as well as any other C&M "intellectual property," as expressly defined within § 14 of the MSA.

**Answer:** The allegations in Paragraph 50 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. The allegations in this paragraph are otherwise denied.

51. C&M also expressly assigned to Nabors "all right, title, and interest in and to all such IP" "created or invented by or on behalf of Contractor [C&M],"subsequent to the execution of the MSA (after June 17, 2019), including the '260 Patent.

**Answer:** The allegations in Paragraph 51 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. The allegations in this paragraph are otherwise denied.

52. Nabors not only has an irrevocable license to use all aspects of C&M's rig lighting system by virtue of the MSA and Purchase Orders, Nabors, not C&M, owns all right, title, and interest to the '260 Patent, and related "intellectual property."

**Answer:** Denied.

53. Accordingly, Nabors seeks a judgment declaring that it owns all right, title, and interest, in and to the '260 Patent and related "intellectual property," and/or, Nabors has a "irrevocable license" to practice the "intellectual property" disclosed within the '260 Patent and its related patents and patent applications.

**Answer:** C&M admits Nabors seeks a declaratory judgment. C&M denies that Nabors is entitled to the relief it seeks in this lawsuit. The remaining allegations of this paragraph are denied.

**FIFTH CAUSE OF ACTION**
**Breach of Contract**

54. Nabors re-alleges and incorporates by reference every allegation contained in paragraphs 1 through 53 above as though fully stated herein.

**Answer:** To the extent this paragraph incorporates allegations from prior paragraphs, C&M also incorporates by reference herein its answers to those paragraphs.

55. Nabors and C&M entered into a binding contract on June 17, 2019, which provides in relevant part:

> If in the course of performing Work, Intellectual Property is created or invented by or on behalf of Contractor [C&M], such IP shall be promptly disclosed and shall be owned by Nabors (or its designee). To effect the parties' intent in this regard, Contractor [C&M] hereby assigns and agrees to assign all right, title, and interest in and to all such IP to Nabors for no additional consideration or compensation.

**Answer:** The allegations in Paragraph 55 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M. To the extent the allegations in this paragraph involved legal contentions, no response is required, and they are therefore denied.

56. The "Work" to be performed under § 14 of the MSA, or the "Products" to be provided under § 14 of Nabors Purchase Orders, was C&M providing rig crown lighting systems for certain Nabors' drilling rigs.

**Answer:** C&M admits that the "Work" referred to in § 14 of the MSA and "Products" referred to in § 14 of Nabors' Purchase Orders refers to C&M providing rig crown lighting systems for certain Nabors' drilling rigs. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M. To the extent the allegations in this paragraph involved legal contentions, no response is required, and they are therefore denied.

57. During the terms of the MSA and Purchase Orders and while C&M was providing "Work" and "Products" for Nabors, C&M prepared and filed a patent application (U.S.

Application No. 17/157,590) with the PTO on January 25, 2021, in its own name, and caused this application to issue as the '260 Patent on April 12, 2022.

**Answer:** C&M admits C&M prepared and filed a patent application with the PTO on January 25, 2021 that issued as the '260 Patent on April 12, 2022. The remaining allegations in Paragraph 57 of the First Amended Complaint purport to characterize the contents of the MSA and Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M.

58. The '260 Patent is "intellectual property" that was (1) created, conceived, invented, or first reduced to practice, by C&M prior to the Exemplary Nabors Purchase Order (5-25-2022), (2) filed as a patent application with the PTO on January 25, 2021, and (3) issued by the PTO on April 12, 2022, while C&M was performing "Work" and providing "Products" for Nabors under to the MSA and Purchase Orders.

**Answer:** C&M admits it filed a patent application on January 25, 2021 that issued as the '260 Patent on April 12, 2022; and that the '260 Patent is intellectual property belonging to C&M. The remaining allegations in Paragraph 58 of the First Amended Complaint purport to characterize the contents of the MSA and Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M, including but not limited to Nabors' Purchase Orders. To the extent the allegations in this paragraph involved legal contentions, no response is required, and they are therefore denied.

59. Pursuant to §§ 14 of the MSA and Purchase Orders, C&M was required to promptly disclose to Nabors the "intellectual property" contained within the application that would become the '260 Patent.

**Answer:** The allegations in Paragraph 59 of the First Amended Complaint purport to characterize the contents of the MSA and Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize

the contents of the MSA and/or the related agreements between Nabors and C&M, including but not limited to Nabors' Purchase Orders. To the extent the allegations in this paragraph involved legal contentions, no response is required, and they are therefore denied.

60. Pursuant to §§ 14 of the MSA and Purchase Orders, C&M "hereby assigns and agrees to assign all right, title, and interest in and to all such IP [including the '260 Patent] to Nabors."

**<u>Answer</u>:** The allegations in Paragraph 60 of the First Amended Complaint purport to characterize the contents of the MSA and Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M, including but not limited to Nabors' Purchase Orders.

61. Pursuant to §§ 14 of the MSA and Purchase Orders, all right, title and interest to the '260 Patent, and any other "intellectual property" is the rightful property of Nabors. C&M failed to comply with its contractual obligations "to assign all right title, and interest in and to all such IP [including the '260 Patent] to Nabors."

**<u>Answer</u>:** The allegations in Paragraph 61 of the First Amended Complaint purport to characterize the contents of the MSA and Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M, including but not limited to Nabors' Purchase Orders. To the extent the allegations in this paragraph involved legal contentions, no response is required, and they are therefore denied.

62. To the extent that the '260 Patent was not "created or invented by or on behalf of Contractor [C&M]""in the course of performing Work" during the term of the MSA (June 17, 2022 –present), or in connection with any Exemplary Nabors Purchase Order, C&M expressly granted Nabors a "worldwide, royalty free, irrevocable license" to "make, use, sell, reproduce, distribute, perform, displace and create derivative works of any and all of [C&M's] pre-existing IP." Such pre-MSA "intellectual property" includes, but is not limited to, U.S. Provisional Application No. 62/643,663 (filed March 15, 2018), U.S. Application No. 16/009,032 (filed June 14, 2018), issued as U.S. Patent No. 10,711,961, and U.S. Application No. September 21, 2018), issued as U.S. Patent No. 10,473,282,43 as well as any other C&M "intellectual property" as expressly defined within §§ 14, that pre-date any contracts.

**Answer:** The allegations in Paragraph 62 of the First Amended Complaint purport to characterize the contents of the MSA and Purchase Orders, which speak for themselves. C&M denies the allegations in this paragraph to the extent they contradict or otherwise mischaracterize the contents of the MSA and/or the related agreements between Nabors and C&M, including but not limited to Nabors' Purchase Orders. To the extent the allegations in this paragraph involved legal contentions, no response is required, and they are therefore denied.

63. By granting Nabors an "irrevocable license" to C&M's "pre-existing IP," including C&M's '260 Patent's related patents and applications, C&M agreed not to sue Nabors for infringement of pre-existing intellectual property, including the '260 Patent. *SuperSpeed, L.L.C. v. Google, Inc.,* 2 F. Supp. 3d 952, 958 (S.D. Tex. 2014)(no writ).

**Answer:** The case cited by Nabors in this paragraph is a legal citation that needs no response; the allegations in this paragraph are otherwise denied.

64. In spite of C&M's granting Nabors an "irrevocable license", C&M filed a counterclaim alleging Nabors infringes C&M's '260 Patent.

**Answer:** C&M admits it filed a counterclaim in the above-captioned action, alleging that Nabors infringes C&M's '260 Patent. C&M denies the remaining allegations in this paragraph.

65. C&M's actions directly violate the express terms of the Intellectual Property Provision of the MSA.

**Answer:** Denied.

66. As a result of C&M's breaches, Nabors has incurred actual damages.

**Answer:** Denied.

**SIXTH CAUSE OF ACTION**
**Fraud and Fraudulent Inducement**

67. Nabors re-alleges and incorporates by reference every allegation contained in paragraphs 1 through 66 above as though fully stated herein.

**Answer:** To the extent this paragraph incorporates allegations from prior paragraphs, C&M also incorporates by reference herein its answers to those paragraphs.

68. On June 17, 2019, in executing the MSA, C&M, through its Vice President Jessica Ivanoff, agreed to promptly disclose all intellectual property to Nabors, assign all right, title, and interest to any intellectual property developed or created during the parties' relationship, and to grant an irrevocable, worldwide, royalty free license to Nabors to fully use any pre-existing intellectual property.

**Answer:** The allegations in Paragraph 68 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. The allegations in this paragraph are otherwise denied.

69. C&M reiterated its agreement to promptly disclose all intellectual property to Nabors, assign all right, title, and interest to any intellectual property developed or created during the parties' relationship, and to grant an irrevocable, worldwide, royalty free license to Nabors to fully use any pre-existing intellectual property with every Nabors Purchase Order it accepted over the course of the next three years.

**Answer:** The allegations in Paragraph 69 of the First Amended Complaint purport to characterize the contents of the MSA and related agreements, including but not limited to Nabors' Purchase Orders, which speak for themselves. The allegations in this paragraph are otherwise denied.

70. C&M continued to make these representations to Nabors by virtue of its acceptance of Nabors' Purchase Orders after C&M applied for the '260 Patent in its own name.

**Answer:** The allegations in Paragraph 70 of the First Amended Complaint purport to characterize the contents of the MSA and related agreements, including but not limited to Nabors' Purchase Orders, which speak for themselves. The allegations in this paragraph are otherwise denied.

71. Every Nabors Purchase Order accepted by C&M after the filing of its patent application in C&M's name constitutes a separate false statement that C&M knew to be false at the time it was made.

**Answer:** Denied.

72. C&M concealed its patent applications from Nabors with the intent that Nabors continue to issue Purchase Orders and continue to rent C&M's rig lighting system.

**Answer:** Denied.

73. C&M also concealed from Nabors that it did not intend to honor the assignment of any "intellectual property" created or invented in the course of performing "Work" for Nabors and C&M's "irrevocable license" of C&M's "pre-existing Intellectual Property" to permit Nabors to "make, use, sell, reproduce, distribute, perform, display and create derivative works" of C&M's "pre-existing Intellectual Property."

**Answer:** Denied.

74. C&M's representations were made with the intent that Nabors rely upon them.

**Answer:** Denied.

75. C&M's representations were false, and C&M knew the representations were false when they were made.

**Answer:** Denied.

76. Nabors relied upon the intellectual property representations made by C&M to its detriment and has suffered actual damages as a result.

**Answer:** Denied.

**SEVENTH CAUSE OF ACTION**
**Promissory Estoppel**

77. Nabors re-alleges and incorporates by reference every allegation contained in paragraphs 1 through 76 above as though fully stated herein.

**Answer:** To the extent this paragraph incorporates allegations from prior paragraphs, C&M also incorporates by reference herein its answers to those paragraphs.

78. On June 17, 2019, in executing the MSA, C&M, through its Vice President Jessica Ivanoff, promised to promptly disclose all intellectual property to Nabors, agreed to assign and hereby assigns all right, title, and interest to any intellectual property developed or created during the parties' relationship.

**Answer:** The allegations in Paragraph 78 of the First Amended Complaint purport to characterize the contents of the MSA, which speaks for itself. The allegations in this paragraph are otherwise denied.

79. C&M further promised to also grant Nabors an irrevocable, worldwide, royalty free license to fully use any of C&M's pre-existing intellectual property.

**Answer:** The allegations in Paragraph 79 of the First Amended Complaint purport to characterize the contents of the MSA and related agreements, including but not limited to Nabors' Purchase Orders, which speak for themselves. The allegations in this paragraph are otherwise denied.

80. C&M reiterated these promises with every Nabors Purchase Order it accepted over the course of the next three years.

**Answer:** The allegations in Paragraph 80 of the First Amended Complaint purport to characterize the contents of the MSA and related agreements, including but not limited to Nabors' Purchase Orders, which speak for themselves. The allegations in this paragraph are otherwise denied.

81. Nabors reasonably relied upon the promises made by C&M with regard to its pre-existing and subsequently developed intellectual property.

**Answer:** Denied.

82. C&M breached those promises when it filed the patent application (U.S. Application No. 17/157,590) for the '260 Patent in its own name and when it filed a counterclaim against Nabors for infringement of the '260 Patent.

**Answer:** Denied.

83. Nabors has suffered actual damages as a result of C&M's broken promises.

**Answer:** Denied.

**Demand for Jury Trial**

84. Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the U.S. Constitution, Nabors demands a trial by jury of any and all issues triable of right before a jury.

**Answer:** The allegations of this paragraph contain legal conclusions to which no response is required.

**DEFENSES**

C&M asserts the following Defenses and Affirmative Defenses, without assuming any burden of proof it would not otherwise have. C&M has not yet had sufficient time and opportunity to collect and review all of the information that may be relevant to the matters raised herein, and discovery has not been completed. Accordingly, C&M reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

**First Defense**

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For example, the First Amended Complaint fails to make more than bare conclusory allegations regarding the validity of the '260 Patent. The First Amended Complaint fails to provide any factual basis for the assertion that the '260 Patent is invalid. For example, the First Amended Complaint fails to identify any prior art reference which discloses the claims of the '260 Patent. Plaintiff's conclusory allegation is insufficient to state a claim.

**Second Defense**

Plaintiff's case is not exceptional under 35 U.S.C. § 285.

**Third Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**Fourth Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**Fifth Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**Sixth Defense**

Each of the contractual claims set forth in the First Amended Complaint are barred by the doctrines of novation and/or ratification.

**Seventh Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Reservation of Additional Defenses**

C&M hereby reserves the right to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of this litigation.

**Prayer for Relief**

C&M denies that Plaintiff is entitled to any of the relief it seeks, whether as sought in its Prayer for Relief, including the relief sought in Paragraphs (a)-(k) thereof, and/or any other relief. Plaintiff's Prayer for Relief therefore should be denied in its entirety and with prejudice, and Plaintiff should take nothing from C&M. C&M requests that the Court award the following relief:

A. A declaration that Nabors has infringed the asserted claims of the '260 Patent;

B. A declaration that each of the claims of the '260 Patent are not invalid;

C. A declaration that the '260 Patent is enforceable;

D. A declaration that Nabors does not have any license or right in the '260 Patent;

E. A declaration denying assignment of the '260 Patent or any other intellectual property owned by C&M to Nabors;

F. A denial of the injunctive relief Nabors seeks;

G. A declaration that the causes of action brought by Nabors are not exceptional as defined in 35 U.S.C. § 285;

H. A declaration that C&M's non-compete agreement is enforceable;

I. A denial of the relief Nabors seeks as to its breach of contract claims;

J. A denial of the relief Nabors seeks as to its claims of fraud and fraudulent inducement;

K. A denial of Nabors' request for attorneys' fees and costs;

L. A denial of the relief sought by Nabors in its entirety with prejudice;

M. An award of damages adequate to compensate C&M for Nabors' infringement of the '260 Patent under 35 U.S.C. § 284;

N. An award of court costs and attorneys' fees as allowed by Tex. Civ. Prac. & Rem. Code Section 38.001 and any other applicable law;

O. Such other relief as this Court deems fair, just, and appropriate.

## COUNTERCLAIMS

Without waiver of any of its rights, C&M incorporates the counterclaims asserted in its Original Counterclaim Against Nabors (Dkt. 9).

Dated: October 11, 2022

Respectfully submitted,

/s/ *David J. Levy*
Jason C. White (*pro hac vice* forthcoming)
***Attorney in Charge***
Illinois Bar No. 6238352
jason.white@morganlewis.com
Karon N. Fowler (*pro hac vice* forthcoming)
Illinois Bar No. 6333623
karon.fowler@morganlewis.com
Eugene S. Hwangbo (*pro hac vice* forthcoming)
Illinois Bar No. 6336078
eugene.hwangbo@morganlewis.com
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
T. (312) 324-1000
F. (312) 324-1001

David Levy
State Bar No. 12264850
Southern District of Texas No. 13725
david.levy@morganlewis.com
Susan Stradley
State Bar No. 24116787
Southern District of Texas No. 3710386
susan.stradley@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1000 Louisiana, Suite 4000
Houston, Texas 77002
T. (713) 890-5000
F. (713) 890-5001

***Attorneys for Defendant and Counter-Plaintiff C&M Oilfield Rentals, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served on October 11, 2022, via electronic mail on all counsel of record who have appeared in this case per Local Rule 5.3.

/s/ *David J. Levy*
David J. Levy