United States District Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| NABORS DRILLING TECHNOLOGIES USA, INC.<br>*Plaintiff,* | Civil Action No. 4:22-cv-02140<br>(JURY) |
| vs. | Judge Alfred H. Bennett |
| C&M OILFIELD RENTALS, LLC D/B/A C-MOR ENERGY SERVICES,<br>*Defendant.* | JURY TRIAL DEMANDED |

**PROTECTIVE ORDER**

The Court enters the following Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P."), and the Court's Discovery Order (Doc. 4). It is hereby **ORDERED**:

**1. Proceedings and Information Governed.**

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2. Designation and Maintenance of Documents and Information.**

**A.** "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.

**B.** The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

**C.** "Confidential Information" and "Highly Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3. Documents Produced in Discovery and Depositions.**

**A. Documents Produced**

Documents and things produced during the course of this litigation within the scope of paragraph 2(A) or 2(B) above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(BA) above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**B. Depositions**

(i) For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii) If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

(iii) During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

(iv) Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and

appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v) If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

**4. Inadvertent Failure to Designate.**

**A.** The inadvertent or unintentional production of documents, information, or material that has not been designated as "Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity. Nothing in this Order shall require production of documents, information, or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this action or any other federal, state, or administrative proceeding or action. Any party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. Within ten (10) days of the date of notification, the recipient(s) shall gather and destroy all copies of such documents, information, or other material and certify as such to the producing party. Notwithstanding this agreement, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are overwritten in the normal course of business.

**B.** In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

**5. Challenges to Designations.**

A party's designation of documents "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

**A.** A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

**B.** If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

**C.** Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

**6. Disclosure and Use of Confidential Information.**

**A.** Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for prosecuting any patent application pertaining to the field of the invention of the patent in suit.

**B.** Subject to paragraph 9 below, "**Confidential Information**" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) two employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure;

(b) two in-house counsel who are identified by the receiving and who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in the litigation of this action;

(c) outside counsel of record for the receiving party;

(d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(e) experts or consultants retained for the purposes of this litigation in accordance with paragraph 6(D) below;

(f) any persons requested by counsel to furnish services for purposes of preparation, trial, and/or appeal of this action such as document coding, image scanning, mock trial (including mock jurors), jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents. The individuals from the receiving party who may receive "Confidential Information" may be modified by agreement of the parties.

**C.** Subject to paragraph 9 below, "**Highly Confidential Information**" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) outside counsel of record for the receiving party;

(b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services;

(c) experts or consultants retained for the purposes of this litigation in accordance with paragraph 6(D) below;

(d) those individuals designated in paragraph 6(F)(c) below; and

(e) any persons requested by counsel to furnish services for purposes of preparation, trial, and/or appeal of this action such as document coding, image scanning, mock trial (including mock jurors), jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents provided that all such persons agree in writing to maintain the confidentiality of the disclosed materials.

**D.** Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert or consultant, the receiving party must provide to the producing party (1) a signed Confidentiality Agreement in the form attached as Exhibit A, (2) the resume or curriculum vitae of the proposed expert or consultant, including a list of cases in which the individual has provided a report, provided a declaration, or testified (at trial, a hearing, or deposition), (3) confirmation that such expert or consultant (i) is not presently employed by any party or an affiliate of any party hereto for purposes other than this action, or (ii) is presently employed by any party or an affiliate of any party hereto only as an expert or consulting in another pending action, in which case the other pending action shall be identified to the producing party, and (4) the expert or consultant's business affiliation, and any current and past consulting relationships in the industry within the last four (4) years. The producing party will thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. The Parties agree to promptly confer and use good faith to resolve any such objection. Failure to object within fourteen (14) days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**E.** Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

**F.** "Confidential Information" or "Highly Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this section 6(F), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

**G.** Absent written consent from the producing Party, any attorney or attorney's agents, including but not limited to paralegals, secretaries, and patent agents, representing or assisting with the representation of a Party, and any person associated with a Party and permitted to receive the other Party's Protected Material designated "Highly Confidential Information" who accesses, or otherwise learns, in whole or in part, the other Party's "Highly Confidential Information" under this Order shall not prepare, prosecute, or assist in the preparation or prosecution of any patent application on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one (1) year after its conclusion, including any appeals. Nothing in this section shall be construed as preventing any attorney from challenging the validity or enforceability of any patent, including without limitation in proceedings in this Court or *inter partes* review, covered business method review, reexamination, or reissue proceedings in the United States or any foreign patent offices. Additionally, nothing in this section shall be construed as preventing a person who has reviewed "Highly Confidential Information" material of another Party from participating in any *inter partes* review, covered business method review, interference, reissue, reexamination, or other proceedings involving any patent (including the patent(s) asserted in this Action) in the United States or any foreign patent offices, provided that the person does not participate in the drafting or amending of claims. Nothing in this section shall be construed as preventing an attorney from advising his or her client about the content and applicability of prior art cited to or by the Patent Office during *inter partes* review, covered business method review, or reexamination proceedings, so long as the attorney is not advising his or her client on amendments to the claims. The term "attorney" as used in this paragraph shall refer to an individual attorney. The term "attorney's agents" as used in this paragraph shall refer to individuals including, but not limited to, individual paralegals, secretaries, and patent agents. In no case shall a restriction upon an "attorney" or "attorney agent" be imputed to the attorney's or attorney agent's law firm or organization, including the law firm's or organization's other parties, associates, patent agents, or other individuals.

## 7. <u>Non-Party Information.</u>

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**8. Filing Documents With the Court.**

Any party may submit "Confidential Information" or "Highly Confidential Information" to the court under seal by identifying the document by name and designating the document "sealed" in the CM/ECF system of the court. Any "Confidential Information" or "Highly Confidential Information" that is filed with the court shall remain under seal until further order of the court. If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

**CONFIDENTIAL INFORMATION**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| NABORS DRILLING TECHNOLOGIES USA, INC.<br>*Plaintiff,* | Civil Action No. 4:22-cv-02140<br>(JURY) |
| vs. | Judge Alfred H. Bennett |
| C&M OILFIELD RENTALS, LLC D/B/A C-MOR ENERGY SERVICES,<br>*Defendant.* | JURY TRIAL DEMANDED |

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

If a party files a motion, response, reply or other brief under seal pursuant to this Protective Order, such party shall publicly file a redacted copy within seven (7) days of the sealed filing. Absent Court order otherwise, redacted copies of exhibits to such motions, responses, replies, or other briefs do not need to be filed.

**9. No Prejudice.**

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided

for in this Protective Order with respect to any particular information or material.

**10. Conclusion of Litigation.**

Within sixty (60) days after final termination of this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts of extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), and to certify to the producing party that this destruction or return has been done upon the producing party's request. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. Nothing in this Protective Order requires the return or destruction of any information that is required by law to be retained or that is stored in back-up/archive systems as a result of the ordinary operation of such systems.

**11. Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential Information" or "Highly Confidential Information" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**12. Remedies.**

This Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**13. Relief from Protective Order.**

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

SIGNED at Houston, Texas the _____ day of OCT 28 2022, 2022.

The Honorable Alfred H. Bennett
United States District Judge