**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NABORS DRILLING TECHNOLOGIES USA, INC.<br><br>Plaintiff,<br><br>v.<br><br>C&M OILFIELD RENTALS, LLC D/B/A C-MOR ENERGY SERVICES,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:22-CV-02140<br><br>**JURY TRIAL DEMANDED**<br><br>[redacted] |

**DEFENDANT C&M OILFIELD RENTALS, LLC'S RESPONSE TO PLAINTIFF NABORS DRILLING TECHNOLOGIES USA, INC.'S MOTION TO STRIKE AND EXCLUDE NEW INFRINGEMENT THEORIES RAISED BY C&M'S TECHNICAL EXPERT NOT DISCLOSED IN C&M'S FINAL INFRINGEMENT CONTENTIONS**

Defendant/Counterclaim Plaintiff C&M Oilfield Rentals, LLC ("C&M") hereby responds to Plaintiff/Counterclaim Defendant Nabors Drilling Technologies USA, Inc.'s ("Nabors") Motion to Strike and Exclude New Infringement Theories Raised by C&M's Technical Expert Not Disclosed in C&M's Final Infringement Contentions (Dkt. 189), which should be denied in its entirety.

## I. BACKGROUND

U.S. Patent No. 11,300,260 titled "Elevated structure-mounting lighting system" relates generally to a method for lighting systems that may be used on drilling rigs. Dkt. 115 at ¶ 19. C&M is asserting claims 1 and 6 of the '260 Patent against Nabors' for its use of all versions of Nabors' ILLUMIC Lighting System. Ex. 1, Final Infringement Contentions. Independent Claim 1 recites:

> A method for illuminating a wellsite comprising:
>
> selecting along each side of a crown deck on a rig a plurality of mounting locations for LED light fixtures, wherein said selecting step is based

on desired lighting conditions for the wellsite surrounding the rig;

mounting one or more LED light fixtures at each of the plurality of selected mounting locations;

attaching the plurality of LED light fixtures to the crown deck using a plurality of elongate members extending above the crown deck and configured to position the light fixtures in proximity to a handrail of the crown deck; and

illuminating the wellsite using the plurality of LED light fixtures.

On September 2, 2025, C&M provided its final infringement contentions. C&M's final infringement contentions identify C&M's specific theories of Nabors' infringement of claims 1 and 6 of the '260 Patent through Nabors' use of the ILLUMIC Lighting System. *See* Ex. 1, Final Infringement Contentions, Ex. A-1 [redacted] In its final infringement contentions, C&M describes Nabors' performance of the claimed method generally as "installing, using, testing, and/or servicing the Accused Product." C&M then provides specific examples of how Nabors' use of the ILLUMIC Lighting System meets each element of claims 1 and 6. For example, claim element 1(a) requires "selecting along each side of a crown deck on a rig a plurality of mounting locations for LED light fixtures…." In C&M's final infringement contentions, C&M includes excerpts of Nabors' design drawings showing that Nabors performed the "selecting step" by choosing specific mounting locations for LED light fixtures in the design process. *See e.g.*, Ex. 1, Final Infringement Contentions, Ex. A-1 [redacted] at 10-11 (citing NABORS_010028) (excerpt shown to the right).

[redacted]

Dr. Gary Wooley, C&M's technical expert, provided his opinions on Nabors' infringement of the Asserted Claims in his opening expert report. *See generally* Ex. 2, Opening Expert Report. Dr. Wooley generally described Nabors' performance of the claimed method as "[redacted]." Ex. 2, Wooley Opening Report ¶ 172. Dr. Wooley then provides specific examples of how Nabors infringes each element of claims 1 and 6 through its use of the ILLUMIC lighting system. For example, when discussing element 1(a), Dr. Wooley explained that "[redacted]." Ex. 2, Opening Report ¶ 173 (citing NABORS_010028). This is consistent with C&M's Final Infringement Contentions.

[redacted]

Nabors appears to take issue with the difference between the general language in the Final Infringement contentions (i.e. installing, using, testing, and/or servicing) and the general language used in Dr. Wooley's opening export report (i.e. designing, making, installing, and operating or using). *See generally* Mot.

When Nabors first reached out to confer on its motion, C&M immediately clarified its position that "[redacted]" but "[redacted]." Ex. 3, Feb. 18, 2026 email. C&M further clarified that Dr.

Wooley has not offered the opinion that "[redacted]" would directly infringe the Asserted Claims. *Id.*

In response, Nabors explained that it read Dr. Wooley's report to claim that "[redacted]." *Id.* Nabors claimed that Dr. Wooley's opinions relating to designing and making were new since that language was not included in C&M's Final Infringement Contentions. *Id.*

In an effort to resolve the clear misunderstanding, C&M confirmed that "[redacted]." *Id.* Nabors proceeded with filing this motion.

## II. ARGUMENT

### A. Dr. Wooley's report does not assert new theories of infringement

#### 1. A method claim can only be infringed through practice/use of the claim method.

A method claim is directly infringed only when the method is practiced." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010); *see also Joy Tech., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993). Courts have determined that "[g]eneral development alone is insufficient to prove [performance] of the claimed steps." *Mirror Worlds, LLC v. Apple, Inc.*, 784 F.Supp.2d 703, 713 (E.D. Tex. 2011). But this does not prohibit a finding of infringement when steps of the method claim are practiced during the design process. *See Lubrizol Specialty Products, Inc. v. Flowchem LLC*, 165 F.Supp. 3d 534, 539 (S.D. Tex. 2016) (finding allegations of use during testing, rather than allegations of selling or offering for sale, were adequate to state a claim of direct infringement of the method claim).

This is consistent with C&M's position that ***designing or making*** the ILLUMIC Lighting System ***alone cannot infringe*** the claims of the '260 Patent, as the last two steps of the method require that the lighting system be attached to a drilling rig and used to illuminate the wellsite. However, "[redacted]." This is also consistent with other claim language that requires, as the first step, selecting mounting locations for light fixtures, which occurs during the design phase. Because the claim recites steps occurring during the design process and steps occurring after the lighting systems are installed, C&M has referenced those different stages in its contentions, and Dr. Wooley has done the same.

**2. C&M's final infringement contentions clearly identify Nabors' performance during the design process as infringing the "selecting" step.**

In accordance with P.R. 3-1(b)-(c), C&M identified the specific acts accused of performing each step of claims 1 and 6 in its final infringement contentions. For example, in the infringement contentions for claim element 1(a), "selecting along each side of a crown deck on a rig a plurality of mounting location for LED light fixtures," C&M identified three Nabors' design drawings as evidence of direct infringement. *See* Ex. 1, C&M Final Infringement Contentions, Ex. A-1 at 11-12. C&M also referenced the design of the ILLUMIC lighting system throughout its contentions. *See* Ex. 1, C&M Final Infringement Contentions, Ex. A-1 at 4-6, 15-16, 22, and 28-31. Infringement contentions must be "reasonably precise and detailed … to provide a defendant with adequate notice of the plaintiff's theories of infringement, but they need not meet the level of detail required, for example, on a motion for summary judgement on the issue of infringement." *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F.Supp.3d 690, 699 (E.D. Tex. 2014) (citing *Realtime Data, LLC v.*

*Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. 2009)). C&M's final infringement contentions clearly identify Nabors' design process and design drawings as evidence that Nabors performed the steps of claim 1, including the "selection step" of claim element 1(a). *See* Ex. 1, C&M Final Infringement Contentions, Ex. A-1 at 11-12. Nabors cannot argue that it did not have adequate notice that C&M was planning on relying on Nabors' design process and design drawings as evidence that Nabors' performed the "selection" step.

**3. Dr. Wooley's report is consistent with the final infringement contentions.**

Dr. Wooley's opening expert report relies upon the same infringement theories as, and is wholly consistent with, C&M's final infringement contentions. In support of his opinion that Nabors performs the "selection" step of claim 1 of the '260 Patent, Dr. Wooley relies on the same design drawings that C&M included in its final infringement contentions. *Compare* Ex. 1, C&M Final Infringement Contentions, Ex. A-1 at 11-12 *with* Ex. 2, Wooley Opening Report ¶¶173, 186-188. Dr. Wooley explains further that "[redacted]." *See* Ex. 2, Wooley Opening Report ¶ 173. As evidence, Dr. Wooley relies on a Nabors' design drawing. *Id*. (citing NABORS_010028). Again, this is consistent with the infringement theories set forth in C&M's final infringement contentions.

But Nabors argues that Dr. Wooley's expert report "substantially expands" C&M's theories of infringement because Dr. Wooley generally described Nabors' infringing acts as "designing, making, installing, and operating or using" while C&M generally described Nabors' infringing acts as "installing, using, testing, and/or servicing." Mot. at 7-10. Essentially, Nabors argues Dr. Wooley's opening expert report is improper because it does not use the **exact** language that C&M used in its final infringement contentions. But Courts have found that infringement

contentions do not need to use the exact words as the expert as long as the plaintiff "has sufficiently demonstrated that its infringement contentions provided adequate notice of the infringement theories [the expert's] report posits." *ROY-G-BIV*, 63 F.Supp. 3d at 700. As discussed above, C&M's final infringement contentions provide adequate notice to Nabors that C&M intended to rely on Nabors' design process and design drawings as evidence that the "selection" step is met.

**B. <u>There is no basis to exclude Dr. Wooley's opinions.</u>**

While "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions," courts have recognized that "[t]he scope of infringement contentions and expert reports are not … coextensive." *Maxell, Ltd. v. Apple Inc.*, 5:19-CV-00036, 2020 WL 8269548, at *18 (E.D. Tex. Nov. 11, 2020). "A degree of generality is permitted because [i]nfringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim. *Id*. (citing *Motion Games, LLC v. Nintendo Co.*, No. 6:12–cv–878, 2015 WL 1774448, at *4 (E.D. Tex. April 16, 2015) (internal citations omitted)).

There is no basis to exclude Dr. Wooley's theories of infringement because they do not expand the scope of C&M's infringement theories. Courts have found that an expert did not expand on a party's infringement theories just because the expert used different words than those used in the infringement contentions. *Maxell*, 2020 WL 8269548, *19 (citing *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-cv-000961, 2017 WL 4844254, at *2 (E.D. Tex. Oct. 26, 2017) (internal citation omitted)). The court explained that "[u]nlike expert reports, infringement contentions are not meant as a vehicle to litigate the merits of an infringement position." *Id*.

Indeed, when courts have excluded expert opinions it has not been based on a different

choice in wording, but rather, the proposal of new theories not previously disclosed. *See e.g.*, *BookIT Oy v. Bank of America Corp.*, 817 Fed. Appx. 990, 993 (Fed. Cir. 2020) (striking an expert report that relied on alternative theories of infringement that were excluded from the amended contentions as untimely). Courts have also looked to whether there is support in the contentions to determine if expert opinions should be excluded. *Better Bags, Inc. v. Illinois Tool Works, Inc.*, 939 F.Supp.2d 737, 747-48 (S.D. Tex. 2013) (striking expert opinions that were "not supported by the disclosures in its Preliminary Invalidity Contentions" but denying a request to strike opinions that were referenced in the invalidity contentions). As discussed above, the infringement theories are completely consistent between C&M's final infringement contentions and Dr. Wolley's opinions, and there is support in C&M's final infringement contentions for the opinions in Dr. Wooley's report. There is no basis to exclude Dr. Wooley's opinions, and Nabors' motion should be denied.

**CONCLUSION**

For the foregoing reasons, this Court should deny Nabors' Motion to Strike and Exclude New Infringement Theories Raised by C&M's Technical Expert Not Disclosed in C&M's Final Infringement Contentions (Dkt. 189), and grant C&M all other relief to which it is entitled.

Dated: March 12, 2026

Respectfully submitted,

*/s/ Melissa M. Story*
Jason C. White (admitted *pro hac vice*)
***Attorney in Charge***
Illinois Bar No. 6238352
jason.white@morganlewis.com
Karon N. Fowler (admitted *pro hac vice*)
Illinois Bar No. 6333623
karon.fowler@morganlewis.com
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
T. (312) 324-1000
F. (312) 324-1001

David J. Levy
State Bar No. 12264850
Southern District of Texas No. 13725
david.levy@morganlewis.com
Susan K. Stradley
State Bar No. 24116787
Southern District of Texas No. 3710386
susan.stradley@morganlewis.com
Melissa M. Story
State Bar No. 24116816
Southern District of Texas No. 3472026
melissa.story@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1000 Louisiana, Suite 4000
Houston, Texas 77002
T. (713) 890-5000
F. (713) 890-5001

***Attorneys for Defendant and Counter-Plaintiff C&M Oilfield Rentals, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on March 12, 2026, via electronic mail on all counsel of record who have appeared in this case per Local Rule 5.3.

/s/*Melissa M. Story*
Melissa M. Story